# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CONCENTRIC, LLC,**

           **Plaintiff,**

      v.                                               **Case No. 21-CV-937**

**JACQUELYN A. MAGES, et al.,**

           **Defendants.**

## ORDER

Based upon the stipulation of the parties, **IT IS HEREBY ORDERED** that:

1. Designation of Confidential information must be made by stamping, placing, or affixing on the document in a manner which will not interfere with its legibility the word, "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy interest. Except for documents produced for inspection at the party's facilities, the designation of Confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. If documents are produced for inspection

at the party's facilities, such documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked Confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked confidential pursuant to this procedure.

a. Any party, including any third party, may obtain Confidential treatment for any information disclosed in this litigation.

b. In answering any interrogatory, request for admission, or part thereof, a party may designate its answer as Confidential by affixing thereto the legend "CONFIDENTIAL."

c. If a producing party discovers after the production of a document that it has inadvertently failed to designate the document as "CONFIDENTIAL" material, it may within thirty (30) days after production give written notice to the receiving party that the document is Confidential material, whereupon (i) the receiving party shall, to the extent possible, retrieve all copies of the inadvertently produced document from any person in possession of such copies and return them to the producing party; (ii) the producing party will simultaneously provide copies of the same document with each page marked "CONFIDENTIAL"; and (iii) thereafter the parties shall treat such copies as Confidential material. If a party to this action receives copies of particular documents

from a non-party pursuant to a formal or informal discovery request, any party may designate any or all such documents as Confidential information and furnish to all other parties a list of the documents, by Bates number, designated as Confidential.

2. The parties may designate portions of deposition transcripts of their present and former officers, directors, employees, agents, representatives, employees, and agents as Confidential by writing to counsel for the opposing parties within thirty (30) days after receipt of the deposition transcript. Prior to the expiration of the 30-day period, the parties shall treat the entire deposition testimony, transcript, and exhibits as if they had been designated Confidential.

3. Information and documents designated as Confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph 4 for any purposes whatsoever other than pursuing or defending against the claims in this lawsuit, including appeals.

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

   a. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and

3

become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of this lawsuit, provided that no access shall be given until each such individual has executed a written declaration in the form attached as Exhibit A.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

d. Disclosure may be made to consultants, investigators, or experts (collectively, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. However, "Confidential" information or documents shall not be disclosed to any expert or consultant until that person has executed a written declaration in the form attached as Exhibit A.

e. Disclosure may be made to deponents, designated trial or hearing witnesses, and their counsel during depositions, trial, or pretrial hearings in the above captioned case.

f. Disclosure may be made to the Court, its clerks and staff (including the

court having jurisdiction of any appeal), and the jury. Where disclosure to the Court is made by way of a court filing, the filing shall be made under seal and/or in redacted form, consistent with the Court's rules.

    g.  Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services. Prior to disclosure to any such services, such services must agree to be bound by the provisions of this Order requiring that the documents and information be held in confidence.

5.    Except as provided in Paragraph 4, counsel for the parties must keep all documents designated as Confidential which are received under this Order secure within their exclusive possession. Each person to whom information designated as Confidential is disclosed shall be informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

6.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7.    Compliance with the terms of this Protective Order shall not be deemed an admission that any documents are admissible in evidence and shall not constitute a waiver of objections concerning further use of the documents. Entering into, agreeing

5

Case 2:21-cv-00937-WED   Filed 01/18/22   Page 5 of 7   Document 29

to, and/or complying with the terms of this Protective Order shall not (a) operate as an admission by any party that any document or material designated by any other party as "Confidential" contains or reflects proprietary or other confidential matter, or (b) prejudice in any way the right of any party (i) to seek determination by the Court on notice of whether any particular document or material should be deemed to be "Confidential," or (ii) to seek relief on notice from any provision of this stipulation, either generally or with respect to any particular documents.

8. If another court or administrative agency subpoenas or orders production of any discovery materials that a party has obtained under the terms of this Order, such party shall promptly notify the party who produced the materials of the pendency of such subpoena or order, and shall allow the party who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order shall not be deemed a violation of this Order absent the entry, in advance of the response date for the subpoena or order, of a protective order barring disclosure of the information, and communication of such an order to counsel for the person or entity under subpoena or order.

9. Within thirty (30) days of the conclusion of the above captioned case, including

any and all appeals, all material not received in evidence and treated as Confidential under this Order must be returned to the originating party, or certified to have been destroyed. This Order shall continue to be binding after the conclusion of this litigation.

10. A designation of Confidential may be challenged by another party upon motion, and the party claiming the designation bears the burden of showing that the designation is appropriate. A party moving to modify this Order to provide for greater restrictions on disclosure must show that such a modification is necessary to protect the movant's interests. Any motion related to the subject matter of this Order must include the statements required by Civil L.R. 37.

11. The parties hereby agree, through their undersigned attorneys, that until such time as the Court approves and enters this Agreed Protective Order, they will be bound by and will abide by all terms set forth herein. The parties further agree, through their undersigned attorneys, that discovery will proceed under the terms of this Agreed Protective Order regardless of whether the Court has entered the Order at the time the parties' discovery materials are due to be produced.

Dated at Milwaukee, Wisconsin this 18th day of January, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge